IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARA B. BOHANNON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-02477-RWS |
| PHH MORTGAGE : | |
| CORPORATION and McCALLA : | |
| RAYMER, LLC, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Modify/Amend Judgment [43] and Motion to Supplement Plaintiff's Motion [51]. After reviewing the record, the Court enters the following Order.

## **Background**

In 2010, Plaintiff Sara Bohannon initiated this action by filing a wrongful foreclosure claim against Defendants in the Superior Court of Henry County, Georgia. (Dkt. [34] at 1). On June 29, 2012, Plaintiff filed an amended complaint that added claims under the Federal Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act

("FDCPA"). (Id.) Defendants then removed the case to this Court. (Dkt. [43] at 1). On July 23, 2012, Defendants filed a Motion for Judgment on the Pleadings [13]. On March 26, 2013, the Court granted in part and denied in part Defendants' motion. Specifically, the Court denied Defendants' motion as to Plaintiff's claim under Section 1692f(6) of the FDCPA; granted without prejudice the motion as to Plaintiff's claim under Section 1692e of the FDCPA, with leave to amend; and granted the motion for all remaining claims. On May 14, 2013, U.S. Magistrate Judge Gerrilyn G. Brill ordered the parties to file a Certificate of Interested Persons and Joint Preliminary Report and Discovery Plan within fourteen days. The order stated that "[f]ailure to file the documents within this time period may result in a recommendation that sanctions be imposed, including dismissal of the case or entry of a default judgment." (Dkt. [25] at 3).

Defendants timely submitted their Certificate of Interested Persons on May 28, 2013, as well as Defendants' Preliminary Report and Discovery Plan. (Dkt. [43] at 2). Defendants also reported that they had repeatedly attempted to contact Plaintiff's counsel, Robert T. Thompson, Jr. ("Thompson"), to schedule the required Rule 26(f) conference and prepare a Joint Preliminary Report and

Discovery Plan, which the parties were ordered to submit by May 28, 2013. (Id.) However, Plaintiff's counsel failed to respond to any of these communications. (Id.)

Judge Brill then ordered the parties to appear on June 26, 2013 for a status conference to discuss the delays and communication problems. (Id.) At the conference, Judge Brill pointed out that Plaintiff's counsel had failed to comply with at least five disclosure requirements under the federal and local rules, including failing to participate in the Rule 26(f) conference and failing to file the required initial disclosures. (Dkt. [34] at 4-5). Defendants also pointed out that Plaintiff failed to file an amended complaint supporting her claim under Section 1692e of the FDCPA, despite having been granted leave to do so. (Id. at 5). For all of these violations, Defendants moved to dismiss the remainder of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b). (Id.) In response, Plaintiff's counsel could not explain why he had failed to meet these requirements or file the amended complaint except that he had been busy. (Dkt. [43] at 3). Judge Brill gave Plaintiff's counsel another opportunity to explain his violations of court orders, but he again "provided no explanation except that

3

he was busy and the pace of this case (which had started in state court) had been glacial." (Dkt. [34] at 5).

Even after this hearing, on June 27, 2013, Plaintiff's counsel sent former co-plaintiff, Peter Mancuso, an e-mail stating, "We are still working on the rests [sic] of the status conference," and that "[the parties] had generally settled at about $14K and them [sic] they dropped it to $4K to maybe $5K or $6K . . . I got the feeling that it was more of a tease." (Dkt. [43-1] at 4, 9). This was not true.

On June 28, 2013, Judge Brill recommended that the Court grant Defendants' motion to dismiss with prejudice under Rule 41(b) after concluding "that dismissal was the appropriate sanction and that lesser sanctions would not suffice in light of Plaintiff's repeated failure to follow the Court's orders and rules." (Dkt. [41] at 2). Plaintiff filed Objections to the Report and Recommendation [36], asserting for the first time that counsel did not willfully fail to comply with the Court's orders, but that his delay was caused by an office move.

On August 7, 2013, the Court found that an office move surely would have been brought up at the status conference on June 26, and that "the move

would not explain all of the failures of Plaintiff to comply with orders and rules of this Court." (See Dkt. [41] at 3). Accepting Judge Brill's recommendation, the Court dismissed the case with prejudice.

Apparently, Thompson did not notify Plaintiff that her case was dismissed. Rather, Plaintiff learned of the dismissal in early October 2012 in a letter from Defendant McCalla Rayer, LLC, informing Plaintiff that the foreclosure would recommence. (Dkt. [43-1] at 4). About ten months later, on August 6, 2014, Plaintiff filed this motion *pro se* under Federal Rules 60(b)(1) and 60(b)(6). (Dkt. [43] at 9).

## Discussion

### I. Rule 60(b)(1) Relief

Plaintiff argues that she was effectively abandoned by Thompson and was misled about developments in her case. (Id. at 8). Because of these "egregious and documented circumstances," Plaintiff argues that her claims should be dismissed without prejudice so she has the opportunity to pursue further legal remedies. (Id. at 9). Generally, "clients must be held accountable

5

for the acts or omissions of their attorneys."[1] Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 396 (1993).  There is "no merit to the contention that dismissal of [a client's] claim because of his counsel's *unexcused conduct* imposes an unjust penalty on the client."  Id. (quoting Link v. Wabash R. Co., 370 U.S. 626, 633–34 (1962)) (emphasis added).  However, Rule 60(b)(1) permits courts to relieve a party from a final judgment for "mistake, inadvertence, surprise, or *excusable neglect*" by counsel.  FED. R. CIV. P. 60(b)(1) (emphasis added).

     The Supreme Court has stated that "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  Pioneer, 507 U.S. at 394.  "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.' "  Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quoting Pioneer, 507 U.S. at 395).

---

[1]The Court takes judicial notice that Plaintiff's former counsel, Robert T. Thompson, Jr., has subsequently been disbarred.  In re Thompson, No. S15Y0003, 2015 WL 416492 (Ga. Feb. 2, 2015).  Therefore, Plaintiff's Motion to Supplement to Plaintiff's Motion [51] is **DENIED as moot**.

To determine whether the neglect is excusable and justifies relief from a final judgment, courts must consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith.  Id.; Oheki v. Sec. Bank of Bibb Cnty., 199 F.R.D. 388, 392 (M.D. Ga. 2001).  In addition, a motion for relief under Rule 60(b)(1) must be filed within "a reasonable time," but "no more than a year after entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P. 60(c)(1).

A.   The March 26, 2013 Dismissal

Plaintiff cannot receive Rule 60(b)(1) relief from the March 26, 2013 order, which dismissed each of Plaintiff's claims except those filed under Sections 1692e (dismissed but without prejudice) and 1692f(6) of the FDCPA.  First, the March 26, 2013 dismissal was not based on attorney neglect.  Rather, the Court dismissed those claims on the merits.  (See generally Dkt. [23]).  Second, because Plaintiff filed her motion for relief on August 6, 2014, Plaintiff is time barred from Rule 60(b)(1) relief from the March 26, 2013 order because she filed the motion more than one year after the Court's order.  FED. R. CIV. P.

7

60(c)(1). Therefore, the Court turns to Plaintiff's arguments regarding the August 7, 2013 order dismissing this case with prejudice.

### B. The August 7, 2013 Dismissal

Viewing all relevant circumstances and applying the four Pioneer factors, the Court finds that the conduct of Plaintiff's counsel does not constitute excusable neglect. First, there is a danger of prejudice to Defendants. The Court has already observed significant delay when it dismissed the case for Thompson's failure to comply with Court orders and deadlines. And during these delays, Defendants' counsel repeatedly reached out to Thompson but received no response. Granting relief would negate Defendants' efforts while rewarding the willful misconduct of Plaintiff's counsel. "[I]nexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir. 1994).

Second, the length of the delay weighs against granting Rule 60(b)(1) relief. Before the case was dismissed, for example, Thompson filed the Joint Preliminary Report and Discovery Plan nearly one month late and only after being ordered to attend a status conference to address his conduct. And after

8

the case was dismissed on August 7, 2013, Plaintiff herself did not file for relief until August 6, 2014.  This was the last day possible to request Rule 60(b)(1) relief.  Although Plaintiff was not aware of the dismissal until early October 2013, that still leaves a ten-month gap before seeking relief.  The aggregate delay is substantial and weighs against granting relief.  See, e.g., Jones v. Dyer Nursing & Rehab. Ctr., No. 2:04-CV-508-PRC, 2006 WL 1722361, at *3 (N.D. Ind. June 21, 2006) (finding a 24-day delay between discovering dismissal and filing for Rule 60(b)(1) relief weighed against granting relief).

 Third, the reason for Thompson's failure to adhere to deadlines is inexcusable.  The delays that led to dismissal were not caused by clerical errors or temporary oversight, but by repeated failure to comply with court orders. Thompson's explanations that he had "been busy" and neglected the case because of its "glacial" pace merely illustrate his willful misconduct.  And though he later pointed to an office move as the culprit, surely that excuse would have been mentioned at the status conference if valid. In addition to the delays of counsel, Plaintiff offers no explanation for her own ten-month delay in seeking relief.

9

The fourth factor, whether Plaintiff acted in good faith, also fails to justify Rule 60(b)(1) relief. While Plaintiff has shown good faith in her *pro se* capacity, the Court cannot say the same about Thompson. The Court also notes that it dismissed Plaintiff's case with prejudice under Rule 41(b) primarily because Thompson was not acting in good faith. Dismissing a case under Rule 41(b) with prejudice requires that "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338 (11th Cir. 2005).

Here, Thompson engaged in a clear pattern of delay by repeatedly failing to comply with court orders, and this Court specifically found "that lesser sanctions would not suffice." (Id. at 2). Overturning that finding on a Rule 60(b) motion would require evidence that the Court's analysis was incomplete or incorrect. Campbell v. Assurance Co. of Am., No. 3:11-CV-83, 2012 WL 1583306, at *2 (M.D. Ga. May 1, 2012) (granting plaintiff's Rule 60(b)(1) motion to amend a Rule 41(b) judgment from dismissal with prejudice to dismissal without prejudice because of evidence that counsel's contempt was

10

AO 72A
(Rev.8/82)

not actually "willful"). But Plaintiff has presented no evidence that Thompson's conduct was not willful.

The Court is sympathetic to Plaintiff's arguments that she should not be punished for her attorney's conduct. However, courts are empowered to sanction willful misconduct by an attorney, even if it burdens the client, and courts can only grant Rule 60(b)(1) relief for an attorney's excusable neglect. See Pioneer, 507 U.S. at 396. Overall, because of the prejudice to Defendants, the substantial delay to the litigation, and the lack of reasonable explanations for the delay, Thompson's actions go far beyond excusable neglect. In fact, the Court repeats its finding that his actions amounted to willful delay and misconduct. Therefore, Plaintiff is not entitled to relief under Rule 60(b)(1).

**II.   Rule 60(b)(6) Relief**

Plaintiff also seeks relief from judgment under Rule 60(b)(6), which permits courts to relieve a party from final judgment for "any other reason that justifies relief" aside from those already listed in Rule 60(b)(1)–(5). FED. R. CIV. P. 60(b)(6). "Relief under Rule 60(b)(6) is only available 'upon a showing of exceptional circumstances.' " S.E.C. v. Simmons, 241 F. App'x 660, 662–63 (11th Cir. 2007) (quoting Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115

11

(11th Cir. 1993)).  But Plaintiff's "attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is foreclosed by precedent."  Id. at 663.  The Eleventh Circuit "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive.  Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)."  Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986).  Because Plaintiff's argument relies solely on a claim of attorney error and does not point to any other exceptional circumstances, Plaintiff is not entitled to relief under Rule 60(b)(6).

## Conclusion

In accordance with the foregoing, Plaintiff's Motion to Modify/Amend Judgment [43] pursuant to Rules 60(b)(1) and 60(b)(6) is **DENIED**, and Plaintiff's Motion to Supplement Plaintiff's Motion [51] is **DENIED as moot**.

**SO ORDERED**, this   12th   day of March, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE